UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GEORGE HORN,

    Plaintiff,

v.

MARK INCH, et al.,

    Defendants.

Case No. 4:19-cv-127-RH-CAS

**RESPONSE IN OPPOSITION TO SECRETARY INCH'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW Plaintiff GEORGE HORN, through counsel, and responds to Secretary Inch's Motion to Dismiss Plaintiff's Complaint, and would show:

1. Defendant Inch seeks dismissal of the Complaint on these grounds:

    a. That the action for specific performance must be brought in state court;

    b. That all other claims in the lawsuit must also be brought in state court;

    c. Defendant purports to "reserve" further arguments on the merits.

2. Plaintiff responds as follows:

    a. Plaintiff intends to amend out his claim for specific performance;

    b. Most of the claims and parties in this suit are distinct from the prior case;

    c. Defendant has no power to "reserve the right" to piecemeal litigation.

3. Although Plaintiff anticipates that Defendants' arguments will be mooted by Plaintiff's Amendment, Plaintiff submits that Defendant's other arguments are meritless and should not be recycled in a second round.

1

## MEMORANDUM OF LAW

Motions to dismiss are disfavored and not often granted. See, e.g., *Universal Collision Center Inc. v. Travelers Ind. Co. of Conn.*, 2010 WL 2015242, at *1 (N.D. Fla. 2010) (*citing Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (q*uoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also id*. at 679 ("a complaint that states a plausible claim for relief survives a motion to dismiss"). To meet this "plausibility standard," the plaintiff must plead sufficient facts that permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. While the Federal Rules of Civil Procedure do not require that allegations be set forth in detail — Rule 8(a) only requires a "short and plain statement" showing that plaintiff is entitled to relief — the claims must be "enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555; *accord, e.g., Iqbal*, 556 U.S. at 678 (noting that Fed.R.Civ.P. 8(a) does not require "'detailed factual allegations.'") When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See, e.g., Brooks v. Blue Cross & Blue Shield of Fla. Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997).

### A. Plaintiff Will Amend Out Count IV for Specific Performance

Plaintiff concedes that any action for specific performance probably should have been brought in state court in Leon County pursuant to the Settlement Agreement. Rather than prolong litigation with a side-trip to state court, Plaintiff will simply drop out the count through amendment as of right.

### B. Only the Corrections Secretary Was Released in the Prior Case

Four elements are required for claim preclusion: (1) a final judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) identity of the parties; (4) identity of the causes of action. *Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1289 (11th Cir. 2007). In the instant case, there is no identity of the parties and causes of action with the former case, *Horn v. Crews*, 1:14-cv-20341, Southern District of Florida – except as to one part of the count against Secretary Inch for injunctive relief relating to Plaintiff's hip surgery and palliative care. See DE 01, ¶¶ 106-112. The former case did not involve any claims relating to treatment of hepatitis C or the Americans with Disabilities Act at all.

Otherwise, the parties and claims in the current case are distinct from those in the former case and stand on their own. Plaintiff submits that any legitimate bases for dismissal will be resolved through amendment. At the same time, Plaintiff does maintain that Secretary Inch, or his predecessor, has failed to live up to the agreement that concluded the former litigation.

### C. Release of Future Rights Is Disfavored Based on Public Policy

In conditioning the reinstatement of a pharmacy license on releasing officers from civil liability for the pharmacist's arrest, the Northern District of Georgia found the Pharmacy Board acted contrary to public policy in barring civil actions to deter lawless governmental conduct. *Shepard v. Byrd*, 581 F. Supp. 1374, 1386 (N.D. Ga. 1984). Although the U.S. Supreme Court has rejected a "per se" rule invalidating "release-dismissal agreements" that foreclose suits for false arrest or malicious prosecution, *Town of Newton v. Rumery*, 480 U.S. 386, 397 (1987), the prospective release of future rights is disfavored as contrary to public policy.

The release of *prospective* rights has been characterized by the Supreme Court as "a waiver in advance of a controversy." *Wilko v. Swan*, 346 U.S. 427, 438, 74 S.Ct. 182, 188, 98 L.Ed. 168, 177 (1953). In the context of Title VII, the Fifth Circuit found no release of future claims. *United States v. Allegheny–Ludlum Indus., Inc.*, 517 F.2d 826, 853 (5th Cir.1975) (*emphasis added*). *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 51, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) ("there can be no prospective waiver of an employee's rights under Title VII"). Prospective release of claims would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 906 (11th Cir.1987). *Hill v. Lazarou Enterprises, Inc.*, 10-61479-CIV, 2011 WL 860526, at *12 (S.D. Fla. Feb. 18, 2011).

The fact that Mr. Horn's thighbone was literally disconnected from his hipbone and he was desperately trying to have them put back together in the face of intense resistance from the Department of Corrections and its medical provider made the release inherently coercive and not freely made. In determining whether a release was knowingly and voluntarily executed, federal law requires that a valid waiver is not to be "lightly inferred". *See Watkins v. Scott Paper Co.*, 530 F.2d 1159, 1172 (5th Cir.1976), *cert. denied*, 429 U.S. 861, 97 S.Ct. 163, 50 L.Ed.2d 139 (1976). *Rogers v. Gen. Elec. Co.*, 781 F.2d 452, 455 (5th Cir. 1986).

The release was conditioned on the payment of a certain sum of money but also on the performance of certain conditions. One of the terms of the settlement was that the Parties "shall abide by Dr. Steel's findings or those of any other orthopedic surgeon substituted in his place under the terms of this paragraph." DE 1-1 at 2, ¶ 5. Among the contentions in Plaintiff's lawsuit is that Defendant is in breach of the agreement in that he has failed to abide by several findings of the orthopedic surgeon. This claim should not be foreclosed at the pleading stage.

### D. Plaintiff Cannot "Reserve the Right" to Litigate This Case Piecemeal

Defendant Inch does not ask the Court to *permit* him to dispose of part of the case and then come back and attack another part of the case on new grounds but "*reserves the right*" to do so. Defendant cannot claim a right to litigate motions to dismiss piecemeal. A litigant who could have raised an issue in a first motion to

dismiss and failed to do so, is barred by Fed.R.Civ.P. 12(g)(2) from raising it in a successive motion. *See Toledo v. Town of Davie*, 09-61289-CIV, 2010 WL 11506397, at *4 (S.D. Fla. Aug. 2, 2010).

WHEREFORE, Plaintiff moves this Honorable Court to DENY Defendant's Motion to Dismiss if it is not mooted by Amendment as of right.

Respectfully submitted,  s/James V. Cook
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; (850) 561-0836 fax
cookjv@gmail.com

*Attorney for PLAINTIFF*

I CERTIFY pursuant to Local Rule 7.1(F) that the pertinent parts of this motion and memorandum contain not more than 1255 words.

I CERTIFY the foregoing was filed electronically on 7/24/19 and served on all counsel registered with the CM/ECF electronic mail system:

*s/James V. Cook*

6