## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

GEORGE HORN,

     Plaintiff,

v.                                                    CASE NO.: 4:19-cv-127-MW/CAS

MARK S. INCH, as Secretary
of the Florida Department
of Corrections, et al.,

     Defendants.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT INCH'S OPPOSED MOTION FOR SECOND EXTENSION OF TIME

Plaintiff, George Horn, by and through undersigned counsel, hereby files this Response to Defendant Inch's Opposed Motion for Second Extension of Time to Respond to Plaintiff's Motion for Partial Summary Judgment ("Second Motion"). ECF No. 80. This Court should deny Defendant Inch's request for an extension for the following reasons: (1) Inch did not confer in good faith as to the basis for his Second Motion, (2) Inch has not demonstrated good cause for the additional extension, and (3) Inch is really seeking seeking a continuance under Fed. R. Civ. P. 56(d), however, his Second Motion wholly fails to justify why such relief should be granted. For these reasons, and regardless of how it is styled, Defendant Inch's Second Motion must be denied.

## Background

Plaintiff filed his Motion for Partial Summary Judgment ("MSJ") on January 25, 2020. ECF No. 74. Thereafter, Defendant Inch moved for an extension of time to respond to Plaintiff's MSJ, citing his counsel's current case load and desire to have the benefit of taking Plaintiff's deposition prior to filing a response as the basis for the extension. ECF No. 78 ("First Motion"). In doing so, Inch specifically requested until February 24, 2020, to respond to Plaintiff's MSJ. Plaintiff did not oppose the First Motion, which the Court granted. ECF No. 79.

Plaintiff's deposition was taken on February 13, 2020. Despite positing to this Court that he "would like the benefit of taking the Plaintiff's deposition prior to responding to Plaintiff's Motion for Partial Summary Judgment" in his First Motion, Inch failed to expedite Plaintiff's deposition transcript. Further, despite knowing since at least February 10, 2020, when he filed his First Motion, that he wanted to use Plaintiff's deposition in response to Plaintiff's MSJ, counsel for Inch nonetheless waited until a week after Plaintiff's deposition to confer on the present motion. The *only basis* communicated to the undersigned counsel for why Inch is seeking another extension was because he believe he needed the benefit of Plaintiff's deposition transcript to file a response to Plaintiff's MSJ. See Conferral Email, attached as **Exhibit 1**. No other basis was provided. Without a follow-up email or phone call,

which is highly favored in this District, Inch filed his Second Motion. Based on

Inch's Second Motion, counsel for Inch failed to confer in good faith.[1]

## I.    Inch Failed to Confer in Good Faith

First, Defendant Inch, through its counsel, failed to confer in good faith prior

to the filing of his Motion. Inch justifies his need for an extension on the grounds

that (a) a response cannot be evaluated and prepared in time due to his counsel's

current workload, (b) he cannot formulate a response without Plaintiff's deposition

transcript, and (c) he cannot formulate a response without Plaintiff's expert's

deposition. Only one of these reasons were communicated to the undersigned

counsel during the conferral process. *See* Exhibit 1 (citing Plaintiff's deposition as

the only basis for the requested extension). This was the same reason stated in Inch's

First Motion. In follows that the deadline requested in First Motion was chosen based

on Plaintiff's deposition and the time it would take to receive that transcript.

In other words, Inch's additional reasons for its Second Motion—*i.e.*, counsel

for Inch's workload constraints and desire to depose Plaintiff's expert prior to

responding to Plaintiff's MSJ—were never once communicated or disclosed to the

---

[1] Counsel for Inch sent an email to undersigned counsel requesting the extension solely based on the need for the transcript for Plaintiff's deposition. Counsel for Inch did not identify any other basis as to why he needed an extension, presumably because no other need for an extension legitimately existed at that time. Had counsel for Inch provided the other reasons for his motion during the conferral, the undersigned would have at least had the opportunity to consider them as part of the conferral. However, the first time these reasons were disclosed to Plaintiff's counsel was when Inch filed his Second Motion.

undersigned counsel during the conferral process as a basis for Inch's Second Motion.[2] Yet, Inch is trying to reduce Plaintiff's objection to the conferral as contrived, but that is not so. Plaintiff's objection was only based on the information provided to him at the time—*i.e.*, Inch's perceived need for Plaintiff's deposition transcript. Nonetheless, counsel for Inch failed to provide the additional reasons for the additional extension prior to filing the Second Motion. Even worse, if Inch was to receive the relief requested, it would likely result in Inch's response to Plaintiff's summary judgment motion being due after Plaintiff's response to Inch's anticipated motion for summary judgment was is patently unfair in light of Plaintiff's diligence of filing his motion for summary judgment well in advance of the summary judgment deadline.

Inch's Motion suggests that he conferred on all of the reasons set forth in his Motion. However, it is clear that he omitted many of the grounds for an extension in his email that he included in his Motion. *See* Exhibit 1. This is just another reason why a telephonic conferral is strongly recommended in this District.

## II.   Inch's Second Motion Lacks Good Cause

Second, Inch has failed to demonstrate good cause to extend the deadline for responding to Plaintiff's MSJ. Inch avers that an additional extension is justified

---

[2] Thus depriving Plaintiff's counsel of the opportunity to consider such reasons during the conferral. Again, the only reason offered by Inch's counsel was that he wanted Plaintiff's deposition transcript before filing his response to Plaintiff's MSJ.

because Plaintiff's deposition transcript is essential to formulating a complete response to Plaintiff's MSJ and that he will be prejudiced if he were required to file a response prior to deposing Plaintiff's expert. It is clear Inch's real reason for the extension is to delay this litigation.[3]

Plaintiff's deposition was the reason Inch provided to Plaintiff and this Court in support of his First Motion for additional time to respond to Plaintiff's MSJ. *See* ECF No. 78. Inch specifically calculated that an extension until February 24, 2020, would provide him sufficient time to receive Plaintiff's deposition transcript and respond to Plaintiff's MSJ. Indeed, Inch went into Plaintiff's deposition knowing— or more accurately, hoping—that Plaintiff would provide information useful to his response to Plaintiff's MSJ, which seeks partial summary judgment on the element of Inch/FDC's deliberate indifference toward Plaintiff in connection with Plaintiff's claims under the ADA and RA. Further, Plaintiff's MSJ is narrowed solely to the portion of his claims relating to HCV. Even assuming Plaintiff's deposition revealed something useful to Inch, which it did not for purposes of responding to Plaintiff's MSJ, Inch nonetheless apparently chose not to expedite the transcript of Plaintiff's deposition, despite knowing that his response is due February 24 by his own request to this Court on February 10, 2020.

---

[3] A tactic Inch has already tried several times in this case.

Moreover, Inch waited a week before reaching out to the undersigned counsel for an extension explaining that he would not be receiving Plaintiff's deposition transcript prior to when his response is due. Stated differently, Inch waited until five days before his response was due to confer on an additional extension, despite knowing that he would not receive Plaintiff's deposition transcript prior to the due date for his response. There is seemingly[4] no excuse for Inch's counsel's lack of diligence. He had every opportunity to expedite Plaintiff's deposition transcript, especially when he took Plaintiff's deposition with the goal, at least in part, of securing information useful to his response to Plaintiff's MSJ. Yet, he chose not to. Additionally, Plaintiff's expert was disclosed on December 16, 2019, and yet Inch only requested Plaintiff's expert's deposition recently. There is no excuse for Inch's lack of diligence.

Lastly, granting any extension, but especially an indefinite extension until ten (10) days after Plaintiff's expert's deposition, would be prejudicial to Plaintiff as it makes it that much less likely that this Court will render a ruling on summary judgment one way or the other prior to mediation, which would be helpful to all parties at mediation in trying to resolve this matter.

---

[4] Again, counsel for Inch failed to articulate the majority of reasons for which he needed an extension, including the true relief he wanted—*i.e.*, an indefinite extension until Plaintiff's expert's deposition, which has not even been scheduled yet. It is also clear from Inch's Motion that he is seeking another bite at the apple with regard to his previous motion to extend various deadlines, including the summary judgment deadline. *See* ECF No. 80 at 3.

### III.   Inch Fails to Meet the Minimum Requirements Under Rule 56(d)

Lastly, Inch's Motion is masquerading as a run-of-the-mill request for extension but, in reality, Inch is really seeking a continuance pursuant to Fed. R. Civ. P. 56(d). Even if this Court were to consider Inch's Second Motion as a Rule 56(d) motion, Inch has failed to satisfy even the minimum requirements under Rule 56(d). His unsworn and unsupported assertions for why Plaintiff's deposition transcript and why deposing Plaintiff's expert is essential to his response to Plaintiff's MSJ. *See* Fed. R. Civ. P. 56(d) (requiring the submission of an affidavit to support request for continuance).

Inch's Second Motion is not just an attempt to circumvent the necessary requirements for obtaining relief under Rule 56(d)—it is a backhanded effort to resurrect a request for relief that was already determined to lack good cause. *See* ECF No. 75; *cf.* ECF No. 80 at 3. Inch's lack of diligence cannot be rewarded. *See Gulisano v. J.A. Cambece Law Office, PC*, No. 15-81378-CIV, 2016 U.S. Dist. LEXIS 180895, at *4 (S.D. Fla. Aug. 5, 2016) (citation omitted) ("[A] party will not be entitled to conduct further discovery under Rule 56(d) where the absence of evidence essential to that party's case is the result of that party's lack of diligence in pursuing such evidence through permitted methods of discovery."); *see also Barfield v. Brierton*, 883 F.2d 923, 932 (11th Cir. 1995) (finding the district court did not

abuse its discretion in denying continuance when, although the movant complied with the "technical requirements" of Rule 56(d), the movant had "ample time and opportunity for discovery" but "failed to diligently pursue his options"). It is time for this case to be brought in for a landing (*i.e.*, trial), one way or another, and resolution of Plaintiff's timely motion for partial summary judgment, one way or the other, will aid in bringing this case in for a landing.

Respectfully submitted,

**ANDREWS LAW FIRM**
822 North Monroe Street
Tallahassee, Florida 32303
T: (850) 681-6416 / F: 681-6984

*/s/ John M. Vernaglia*
JOHN M. VERNAGLIA (FBN: 1010637)
john@andrewslaw.com

*/s/ Ryan J. Andrews*
RYAN J. ANDREWS (FBN: 0104703)
ryan@andrewslaw.com
service@andrewslaw.com

– And –

JAMES V. COOK, ESQ.
Florida Bar Number 0966843
**LAW OFFICE OF JAMES COOK**
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; (850) 561-0836 fax
cookjv@gmail.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 21st day of February, 2020, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ John M. Vernaglia*
JOHN M. VERNAGLIA