## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

GEORGE HORN,

      Plaintiff,

v.                                                       CASE NO.: 4:19-cv-127-MW-MJF

MARK S. INCH, as Secretary
of the Florida Department
of Corrections, et al.,

      Defendants.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT INCH'S
## MOTION FOR FINAL SUMMARY JUDGMENT

Plaintiff, George Horn, by and through undersigned counsel, and pursuant to

Fed. R. Civ. P. 56(a) and N.D. Fla. Loc. R. 56.1, hereby files his Response in

Opposition to Defendant Inch's Motion for Final Summary Judgment, ECF No. 105

("Motion"). For the reasons set forth herein, Inch's Motion must be denied.

### I.   INTRODUCTION

This is a civil rights case. Plaintiff was a prisoner of the Florida Department

of Corrections ("FDC"). Plaintiff is suing Defendant Inch[1] for failing to meet his

substantial medical needs with respect two medical issues—Plaintiff's hip condition

---

[1] Defendant Inch is synonymous with, and referred to interchangeably as, Florida Department of Corrections ("FDC"), as Inch is sued in his official capacity as Secretary of FDC.

and his chronic hepatitis C. Specifically, Plaintiff asserts claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") against FDC (Counts I and II). *See* ECF No. 27. FDC has moved for summary judgment on Plaintiff's ADA and RA claims. *See* ECF No. 105.

FDC argues it is entitled to summary judgment because Plaintiff's ADA and RA claims are barred by the terms of a settlement agreement and release Plaintiff executed in 2016 to resolve a prior action against FDC (the "2016 Settlement Agreement"). In arriving at this conclusion, FDC misapplies a state law standard to federal claims to suggest that Plaintiff's ADA and RA causes of action accrued in 2014, and thus could have been asserted in Plaintiff prior lawsuit. In applying the correct standard to the facts of this case, which asserts only federal claims, it is clear Plaintiff's causes of action accrued in January 2019—when Plaintiff received direct-acting antiviral ("DAA") treatment and the continuing violations of his rights ended. Moreover, "[a]ny constitutional or statutory violation that occurred after the entry of the release was not and could not have been asserted in the prior action. Or so the plaintiff could reasonably have understood based on" the agreement's language. *See* ECF No. 57 at 10 n.4 (quoting ECF No. 31 at 2). Because FDC fails to allege—must less establish—that Plaintiff understood or believed he was releasing post-settlement violations, FDC is not entitled to summary judgment on Plaintiff's claims.

## II.   STATEMENT OF FACTS

Plaintiff incorporates by reference the statement of facts set forth in Plaintiff's First and Second Motions for Partial Summary Judgment against Defendant FDC. *See* ECF Nos. 74 & 107.

Moreover, Plaintiff notes that FDC's statement of facts are merely a recitation of the allegations of Plaintiff's operative complaint, along with references to Plaintiff's deposition testimony, which FDC cites as confirming Plaintiff's allegations. *See* ECF No. 105 at 4-9.[2] Plaintiff denies FDC's characterization of the of the 2014 lawsuit. *Id.* at 4-6. For the reasons below, the 2014 litigation and the 2016 Settlement Agreement are immaterial to the action currently before the Court.

## III.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriately granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Facts are "material" with respect to the substantive law if they form disputes that are not

---

[2] FDC refers to ECF No. 104-1 as being the deposition transcript of George Horn in this action, which was taken on February 13, 2020. However, Doc. 104-1 appears to be a deposition from a different lawsuit and is dated May 28, 2015. Plaintiff's notes that this Court is not required to consider FDC's incorrect and confusing record citations.

"irrelevant or unnecessary" and have the potential to "affect the outcome of the suit." *Id.* A nonmoving party's failure to provide sufficient evidence of an element for which it bears the burden of proof at trial mandates the entry of summary judgment for the moving party, "since a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, district courts must accept the facts in the light most favorable to the nonmovant, *see Galvez v. Bruce*, 552 F.3d 1238, 1241 (11th Cir. 2008), and may not weigh conflicting evidence to resolve disputed factual issues, *see Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007).

## IV. DISCUSSION

FDC's argument can be summarized as follows: Plaintiff's HCV-related claims accrued in 2014, and therefore could have been asserted in the prior action. Consequently, those claims are barred by the 2016 Settlement Agreement. *See* ECF No. 105 at 28.[3] The argument, however, is premised on a rule of law that is inapplicable to the claims asserted in this case. *See* ECF No. 105 at 9 (stating "[w]hen a cause of action 'accrues' and the date by which a cause of action must be filed are two distinct issues").

---

[3] Plaintiff does not, nor has he ever, contended that the 2016 Settlement Agreement was not entered into "knowingly and voluntarily." It is unclear why FDC now argues this non-issue. It adds nothing to FDC's already meritless arguments.

The operative complaint does not contain any claims arising under state law, but rather only federal claims. Specifically, Plaintiff asserts federal ADA and RA claims against FDC, for which the statute of limitations is four years. *Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 841 (11th Cir. 2017); *see also Baker v. Sanford*, 484 F. App'x 291, 293 (11th Cir. 2012) ("Florida law provides for a residual four-year statute of limitations. However, ***federal law controls when the underlying cause of action accrued***, triggering this limitations period to begin." (citations omitted) (emphasis added)). "Generally, accrual occurs when the prisoner knows or should know that he has suffered the injury that forms the basis of his complaint and can identify the person who inflicted the injury." *Baker v. Sanford*, 484 F. App'x 291, 293 (11th Cir. 2012) (per curiam) (unpublished) (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)). "However, an 'allegation of a failure to provide needed and requested medical care constitutes a continuing tort, which does not accrue until the date medical attention is provided.' " *Id.* (quoting *Lavellee v. Listi*, 611 F.2d 1129, 1132 (5th Cir. 1980)[4]); *see Lewis v. Bd. of Trs. of Ala. State Univ.*, 874 F. Supp. 1299, 1304 (N.D. Ala. 1995) ("The series of denials of the requests [for accommodation of plaintiff's disability] can be conceptualized as a series of discriminatory acts which continues into the filing period.").

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit held as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Notwithstanding the clear standard governing the accrual of a federal cause of action, FDC looks to Florida law in an attempt to avoid application of the continuing violation doctrine. *See* ECF No. 105 a 25 (citing *In re Alvarez*, 224 F.3d 1273 (11th Cir. 2000), for the proposition that "the 'accrual' of a cause of action can be different from the 'accrual' for limitations purposes"). Under this theory, FDC concludes that "the 'accrual' as to the HCV-related ADA/RA causes of action are distinct for [sic] the 'accrual' regarding the running of the statute of limitations." *Id.* FDC couldn't be more wrong.

In *In re Alvarez*, the issue was whether or not Alvarez's legal malpractice cause of action (a claim arising under Florida law) is property of his bankruptcy estate. 224 F.3d at 1276. The Eleventh Circuit determined that the cause of action had accrued under state law at the moment Alvarez's bankruptcy petition was filed and, therefore, concluded that Alvarez had a cause of action as of the commencement of his bankruptcy case, which was property of the estate under § 541(a)(1). *Id.* at 1278. In so holding, the court specifically relied on the accrual standard under Florida law. *See id.* at 1276 ("***Pursuant to Fla. Stat. Ann. § 95.031(1)***, a cause of action accrues 'when the last element constituting the cause of action occurs.' " (emphasis added)). In the present case, however, Plaintiff brings federal ADA and RA claims, not state law claims. *See Lavellee*, 611 F.2d at 1130 ("[E]ven though a state statute (of limitations) is applied, the question when a federal cause of action

6

accrues is a matter of federal, not state law."). Therefore, the standard described in *In re Alvarez*, and incorrectly relied on by FDC, is wholly inapplicable here.

Under the proper standard, there can no dispute that the continuing violation doctrine applies to Plaintiff's claims. *See Robinson v. United States*, 327 F. App'x 816, 818 (11th Cir. 2007) (unpublished) ("When the violation alleged involves continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the unlawful conduct ceases."). In fact, in arguing the wrong accrual standard, FDC unwittingly concedes the underlying facts that this Court specifically cited in support of its preliminary holding that the continuing violations of Plaintiff's rights did not end until he received DAA treatment in January 2019. *See* ECF No. 57 at 14-15. Stated differently, the only facts FDC offers now in support of its contention that Plaintiff's claims accrued in 2014 are the same facts FDC offered in support of the same argument at the motion to dismiss stage, which the Court rejected. For example, FDC literally cites the allegations in Plaintiff's complaint in support of its contention that "[t]hese events should have alerted Plaintiff to act or assert his rights at the time of the 2014 violation." *See* ECF No. 105 at 26.[5] To be clear, these were very same allegations considered by this Court when it denied

---

[5] FDC argues: "Plaintiff's own allegations establish that he unequivocally requested treatment with DAAs since 2014, [Doc. 27, ¶¶ 112, 113, 173], and that he was aware that each request, grievance, and appeal for medical care that he alleged comported with the community standard in 2014 had been denied. [Doc. 27, ¶¶ 99, 112]." ECF No. 105 at 26.

FDC's motion to dismiss. Incredibly, and without offering any new facts,[6] FDC now asks for a different conclusion on an issue this Court's already decided. *See* ECF No. 105 at 27 (citing Smith v. Dozier, 2018 WL 4701846 (M.D. Ga. Jul. 5, 2018); *but see* ECF No. 57 at 12-13 (providing two reasons for declining to follow the *Smith* court's lead). FDC asks too much.

Having offered no evidence to even suggest—let alone prove—that Plaintiff had any reason to believe that FDC had a policy of intentionally and categorically withholding treatment from HCV inmates based on the cost of DAA drugs, FDC fails to overcome this Court's prior holding. *See* ECF No. 57 at 14; *see also, e.g.*, *Plaintiff's Grievances*, ECF No. 73-15 at pp. 107-08, 132-35 & ECF No. 73-16 at pp. 152-55, 213-15 (denying Plaintiff's HCV-related grievances because he did not meet FDC's treatment guidelines); *Plaintiff's Deposition Transcript*, ECF No. 102-1 at 181:17 to 182:9 (explaining that doctors told Plaintiff would they were acting under FDC's policy during the time period when Plaintiff was being denied DAAs). Thus, Plaintiff's claims did not accrue in 2014; rather, they accrued in January 2019 when the continuing violations of his rights ended.

---

[6] Other than the allegations in the complaint, FDC offers Plaintiff's deposition testimony to demonstrate that Plaintiff's testimony is consistent with such allegations. *See, e.g.*, ECF No. 105 at 26 ("Plaintiff testified that the alleged denials of his requests for DAA treatment were known to Plaintiff in 2014, and that Plaintiff knew that he suffered an injury and by whom in 2014."); *cf. id.* at 11-15 (quoting Plaintiff's deposition testimony). These facts do not support FDC's arguments; ironically, they are why FDC's Motion must be denied.

FDC also fails to prove that the 2016 Settlement Agreement bars Plaintiff's claims. First, as explained above, Plaintiff's claims accrued in January 2019 not 2014. Second, FDC offers no facts to support that Plaintiff understood or believed he was releasing post-settlement constitutional or statutory violations when he executed the 2016 Settlement Agreement. In fact, Plaintiff specifically stated at his deposition that he did not hold such belief:

> **Q:** (By Mr. Andrews) Is it true that you that you didn't know that you would have been releasing constitutional or statutory violations that occurred on the date after -- would occur on dates after the date of the signed agreement?
>
> **A:** (By Mr. Horn) True.

ECF No. 102-1 at 193:6-11. In denying FDC's motions to dismiss, this Court found that " '[a]ny constitutional or statutory violation that occurred after the entry of the release was not and could not have been asserted in the prior action. Or so the plaintiff could reasonably have understood based on' the agreement's language." ECF No. 57 at 10 n.4 (citing ECF No. 31 at 2). Having provided no facts to overcome this Court's prior rulings, FDC has therefore failed to establish that Plaintiff's claims are barred by the 2016 Settlement Agreement.

## V.   CONCLUSION

Accordingly, for the reasons set forth herein, Defendant Inch's Motion for Final Summary Judgment must be denied.

Respectfully submitted,

**ANDREWS LAW FIRM**
822 North Monroe Street
Tallahassee, Florida 32303
T: (850) 681-6416 / F: 681-6984

*/s/ John M. Vernaglia*
JOHN M. VERNAGLIA (FBN: 1010637)
RYAN J. ANDREWS (FBN: 0104703)
john@andrewslaw.com
ryan@andrewslaw.com
service@andrewslaw.com

– And –

JAMES V. COOK, ESQ.
Florida Bar Number 0966843
**LAW OFFICE OF JAMES COOK**
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; (850) 561-0836 fax
cookjv@gmail.com

*Counsel for Plaintiff*

10

## LOCAL RULE 7.1(F) CERTIFICATE

Pursuant to N.D. Fla. Loc. R. 7.1(F), the undersigned hereby certifies that the foregoing Response contains 2,219 words.

*/s/ John M. Vernaglia*
JOHN M. VERNAGLIA

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 21st day of April, 2020, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ John M. Vernaglia*
JOHN M. VERNAGLIA